UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

MATTHEW SKAMFER,

        Petitioner,

        v.                                       Case No. 14-C-0789

WILLIAM POLLARD,

        Respondent.

DECISION AND ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERS (DOC. 2), REQUIRING RESPONDENT TO FILE AN ANSWER, DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND FOR A REFUND OF STATE FILING FEE AND FOR RECONSIDERATION OF A SEVENTH CIRCUIT DECISION (DOC. 3), DENYING PETITIONER'S MOTION REGARDING JURISDICTIONAL ISSUE AND COUNSEL APPOINTMENT (DOC. 8) AND DENYING PETITIONER'S MOTION TO CONSOLIDATE CASES (DOC. 9)

Matthew Skamfer's fourth habeas petition filed on July 7, 2014, challenges his criminal conviction in Dane County Case No. 96-CF-1084. A jury convicted Skamfer on two counts of battery by a prisoner and substantial battery intending bodily harm. According to Skamfer, he exhausted his state remedies and filed a petition for certiorari with the United States Supreme Court as recently as March of 2014. He further asserts that he filed habeas petitions with Dodge, Dane, and Dunn Counties, as well as the Wisconsin Court of Appeals, and that petitions were filed in Dodge County as recently as July of 2013, and in Dane County in May of 2014. While stating that he has exhausted his state remedies, Skamfer also contends that he need not exhaust his state remedies because that does not apply to void judgments. In view of the conflicting statements in the petition, an answer or other response is warranted.

Previously, the court held that Skamfer qualifies to proceed in forma pauperis, and he continues to qualify with respect to this petition. Nevertheless, the court must review

the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

It appears that there may be procedural obstacles barring relief on this petition. Judgment was entered August 26, 1997, and Skamfer filed a notice of intent to pursue post-conviction judgment promptly. The Wisconsin Court of Appeals affirmed the judgment on July 15, 1999, but the docket discloses no activity until Skamfer was revoked by the Department of Corrections and sentenced to prison on August 9, 2005. Skamfer argues that the one-year limitation period is inapplicable to void judgments and that he confused the courts by attacking all judgments in the same petition. *See* 28 U.S.C. § 2244(d) (imposing one-year limitations period on habeas petitions). Because Skamfer's representations of the steps taken over the years conflict with the docket available to this court, an answer or other responsive pleading is needed to ascertain whether Skamfer may proceed with a habeas challenge. While the memorandum Skamfer filed in support of his petition appears to assert violations of the Sixth and Fourteenth Amendments, the grounds for Skamfer's petition will need to be clarified if it appears that habeas relief is available fourteen years after the conviction at issue became final.

In addition to his request to proceed in forma pauperis, Skamfer has asked for the appointment of counsel, return of a $164.50 filing fee from Dane County, the reconsideration of a Seventh Circuit decision, release pending an evidentiary hearing, and the consolidation of cases. The court finds no basis to appointment counsel at this time. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), permits the court to appoint counsel

for an indigent petitioner seeking habeas relief under 28 U.S.C. § 2254. To do so, the court must find that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2). "Due process does not require appointment of counsel for indigent prisoners pursuing . . . federal habeas relief." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. Id. at 649. And a threshold question is whether the litigant has attempted to obtain counsel himself or has been effectively precluded from doing so. *Id.*, 503 F.3d at 654-55.

Once the petitioner has established that his reasonable efforts to obtain counsel were unsuccessful the court conducts "a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself." *Id.*, 503 F.3d at 655. The inquiries are intertwined; "the question is whether the difficulty of the case—factually and legally—exceeds the particular [party's] capacity as a layperson to coherently present it to the judge or jury himself." *Id.* Whether a party appears competent to litigate his own claims, given their difficulty, includes consideration of all parts of litigation, including evidence gathering and responding to motions. *Id.* Regarding the party's ability to litigate the case, the court should review "whatever relevant evidence is available on the question," including pleadings and communications from the party. *Id.* Because Skamfer has not met the threshold requirement for the appointment of counsel, his request will be denied.

As explained in Case Nos. 14-C-786 and 14-C-787, the court has no authority to intervene or otherwise enter orders respecting a pending state case or otherwise revisit a decision of the Seventh Circuit. Moreover, Skamfer's request for immediate release fails
3

to establish any basis for release at this time.  The final motion requests consolidation of cases in the "interests of justice as all are based on void acts" but Skamfer labels the motion as a request for leave to  appeal in forma pauperis.  There has been no appeal docketed in this case and this is the first order entered by this court.  Hence, there is no order from which to appeal and no basis to consolidate the five petitions challenging multiple convictions from multiple counties.  Now, therefore,

 IT IS ORDERED that within sixty days of the date of this order respondent must file an answer, motion, or other appropriate response to the petition.

An answer must comply with Rule 5 of the Rules Governing § 2254 Cases, and show cause, if any, why the writ should not issue.  If an answer is filed, Skamfer shall have forty-five days from receipt of the answer to file a brief in support.  If a motion to dismiss is filed, the motion must be accompanied by a brief in support and other relevant materials.  The time for Skamfer to respond shall be governed by this district's local rules, which allows for twenty-one days.  Skamfer shall not file any motion prior to receiving the answer or a motion to dismiss from the respondent.

Briefs may not exceed thirty pages, double spaced.

Pursuant to a Memorandum of Understanding between the Attorney General and this court, copies of the petition and this order are being sent today to the Attorney General for the State of Wisconsin for service upon the respondent.

IT IS FURTHER ORDERED that Skamfer's motion to proceed in forma pauperis is granted.  (Doc. 2)

IT IS FURTHER ORDERED that Skamfer's motion for appointment of counsel and for a refund of the state filing fee and reconsideration of a Seventh Circuit decision is denied. (Doc. 3)

IT IS FURTHER ORDERED that Skamfer's motion regarding jurisdictional issue and counsel appointment is denied. (Doc. 8)

IT IS FURTHER ORDERED that Skamfer's motion to consolidate cases is denied. (Doc. 9)

Dated at Milwaukee, Wisconsin, this 22nd day of October, 2014.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE